JS-6

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation,<br><br>       Plaintiff,<br><br>  vs.<br><br>PHILIP MELNICK, an individual,<br><br>     Defendant. | Case No.: 8:15-cv-00224-DOC (RNBx)<br>Hon. Judge David O. Carter<br><br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

     This matter is before the Court upon Plaintiff's Motion for Entry of Default Judgement Against Defendant Philip Melnick ("Defendant") pursuant to Federal Rule of Civil Procedure 55.  The Court, having considered the Clerk's Entry of Default against Defendant on March 27, 2015, Starbuzz Tobacco, Inc.'s

("Plaintiff") Notice of Motion and Motion for Entry of Default Judgment and supporting papers, any and all moving and responding papers filed by the parties and having heard the arguments of counsel, and with good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.     This Court has jurisdiction over the parties to this Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2.     Defendant infringed upon Plaintiff's federal trademark rights under 15 U.S.C. §1114, as set forth in Plaintiff's First Claim for Relief.

3.     Defendant infringed upon Plaintiff's federal trademark rights under 15 U.S.C. §1125(a), as set forth in Plaintiff's Second Claim for Relief.

4.     Defendant committed unfair competition in violation of California Business & Professions Code §17200 *et seq*., as set forth in Plaintiff's Third Claim for Relief.

5.     Defendant infringed upon Plaintiff's common law trademark rights and committed common law unfair competition, as set forth in Plaintiff's Fourth Claim for Relief.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant is directed to relinquish and deliver to Plaintiff for destruction or other disposition, within ten business (10) days of the date of this order, each and all of the following to the extent in the possession, custody or control of Defendant:

1.     All labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession, custody, or control that bear the "MYST" trademark.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and his agents, servants, employees, attorneys, and all persons in active concert and participation with him who receive actual notice of this Judgment by personal service or otherwise, are permanently enjoined from:

1.     Offering, selling, marketing or distributing through the Internet or otherwise, any articles or items bearing the "MYST" mark, in connection with the offer, sale, or provision of any tobacco, tobacco-related products, or electronic cigarettes;

2.     Offering, selling, marketing or distributing through the Internet or otherwise, any articles or items bearing "BLUE MIST", "CITRUS MIST", "HAWAIIAN MIST", "TROPICAL MIST", or "PEACH MIST" trademarks, or any marks confusingly similar thereto, in connection with the offer, sale, or provision of any tobacco, tobacco-related products, or electronic cigarettes;

3.     Owning and operating the website accessed through the www.mystcigs.com, or any other website containing or consisting of the "MYST" mark;

4.     Owning and operating the mystcigs.com, mystcig.com and mystcigarette.com domain names, or any other domain name containing or consisting of the "MYST" mark (the "Infringing Domains"); and

5.     Assisting, aiding, or abetting any person or business entity in engaging in or performing any of the aforementioned acts.

**IT IS FURTHER ORDERED** that Defendant shall transfer the Infringing Domains to Starbuzz, and shall execute any and all documents and take any actions necessary to effectuate such transfers within ten (10) business days of the date of this order.

 **IT IS FURTHER ORDERED** that if Defendant fails to transfer the Infringing Domains to Starbuzz within ten (10) business days of the date this order, the registrar for the Domain Names, Godaddy.com, Inc., shall transfer the Infringing Domains to Starbuzz.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff shall recover from Defendant, attorneys' fees in the amount of $6,716.00 and costs in the amount of $421.00, for the total amount of $7,137.00.

**IT IS FURTHER ORDERED** that the Permanent Injunction shall become effective as of its date of entry by the Court.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Permanent Injunction.

**IT IS SO ORDERED.**

DATED:  July 31, 2015

_David O. Carter_
Honorable David O. Carter
United States District Court Judge